IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN OSBORNE, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 11-2258 |
| NORFOLK SOUTHERN CORP., and NORFOLK SOUTHERN RAILWAY CO., | |
| Defendants. | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                 JULY  25, 2011

      Presently before this Court is a Motion to Dismiss for Improper Venue filed by Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively, "Norfolk") seeking to dismiss Plaintiff Glenn Osborne's ("Osborne") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).[1]  For the following reasons, the Motion will be denied.

---

[1]Federal Rule of Civil Procedure 12(b) states in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.

**I.      BACKGROUND**

Osborne commenced this action pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, et seq, alleging injuries sustained on or about December 5, 2009, while in the course and scope of his employment. Osborne claims that he was injured while applying a de-icing solution to Canal Drawbridge located in Middletown, Delaware. Osborne originally brought this action in the Common Pleas Court of Philadelphia on September 22, 2010. Norfolk filed a motion to dismiss in that court which was granted with leave to re-file. On March 30, 2011, Osborne re-filed a Complaint in this district. Norfolk subsequently filed the instant Motion to Dismiss for Improper Venue seeking to have this matter transferred to the District of Delaware.[2]

Osborne is a citizen of Maryland, and Norfolk asserts that its principal place of business is Norfolk, Virginia. Osborne claims that Norfolk conducts a high volume of business in Philadelphia, runs numerous trains in and out of Philadelphia, maintains hundreds of miles of tracks throughout Philadelphia County, and thus, has substantial contacts to the Eastern District of Pennsylvania.

---

[2] 28 U.S.C. § 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Norfolk asserts that after the alleged incident, Osborne was transported to Union Hospital in Elkton, Maryland, and that he had follow-up care with health care providers in Elkton as well. In arguing for a transfer, Norfolk maintains that it does not have its principal place of business in this district, the incident in question occurred in Newcastle County, Delaware, and that although it "does operate on a limited basis in Philadelphia, Osborne was not employed in any activities that would have brought him into contact with the Commonwealth of Pennsylvania" at the time of his alleged injuries. (Defs.' Mot. Dismiss at 3.) Norfolk, thus, asserts that "there is, and always has been, an alternative district 'in which the action may otherwise' have been brought, the District of Delaware." (Id.)

## II.   DISCUSSION

### 1.   Improper Venue

Under 28 U.S.C. § 1404(a), "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." This provision for transferring venue is layered on top of 45 U.S.C. § 56, FELA's venue provision, which provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Neither party disputes that venue would be proper in the District of Delaware.

Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, that considerations weigh "strongly" in favor of transfer. Gulf Oil v. Gilbert, 55 U.S. 501, 508 (1947). These "private factors" were further articulated by the Third Circuit in Jumara v. State Farm Ins. Co.,

55 F.3d 873, 879 (3d Cir. 1995). They include: (1) [t]he plaintiff's forum preference; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the locations of the books and records.

The Jumara court also listed the following public factors: (1) [e]nforceability of judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of trial judges with the state law for diversity cases. 55 F.3d at 879.

Within this framework, courts have given great deference to the plaintiff's choice of forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, as alleged here, the choice is given less weight. Id. at 255-56. When the plaintiff is not a resident of the chosen forum, he must make a "strong showing of convenience" in order for his choice to be given deference. Windt v. Qwest Communications Intern., Inc., 529 F.3d 183, 190 (3d Cir. 2008). Conversely, in cases brought under FELA, the plaintiff's choice of forum has been held in particularly high regard and has been called a "substantial right." Boyd v. Grand Trunk Western R.R. Co., 338 U.S. 263, 266 (1959). Further, in cases involving FELA, courts have held that the plaintiff's choice of forum requires notable deference, notwithstanding the plaintiff's residence or the location of the underlying actions in the case. Brenner v. Consolidated Rail Corp., No. 09-1574, 2009 WL 2710241 at, *2 (E.D. Pa. Aug. 26, 2009); Szabo

v. CSX Transp. Inc., No. 05-4390, 2006 WL 263625, at *4 (E.D. Pa. Feb.1, 2006); Luther v. Consolidated Rail Corp., No. 99-1464, 1999 WL 387075, at *2 (E.D. Pa. May 25, 1999).  Thus, the plaintiff's choice of forum holds substantial weight and the defendant must demonstrate "a clear case of convenience, definitely and unequivocally" to be granted a transfer.  Brenner, 2009 WL 2710241 at, *3; see also  Richards v. Consolidated Rail Corp., No. 94-3942, 1994 WL 586009, at *2 (E.D. Pa. Oct.18, 1994).

  A.  **Private Factors**

  First, considering the private factors, as noted, Osborne's forum choice of this district holds substantial weight.  As to the second factor, Norfolk claims to have its principal place of business in Virginia, however, there is no dispute that it does business in the Eastern District of Pennsylvania.[3]  We, thus, give little weight to Norfolk's preference.  Next, the injury did occur in Delaware, and this factor weighs in favor of a transfer.

  As to the fourth factor, the convenience of the parties, Norfolk has not presented any evidence that the District of Delaware is a more convenient forum than this district.  The fifth factor, the convenience of the witnesses, also does not support such a transfer.  The consideration here is not simply whether the forum is inconvenient for the witnesses, but whether the witnesses would be "unavailable" for trial.  Jumaral, 55 F.3d at 879.  Moreover, it is Norfolk who has the burden of identifying witnesses who would be unavailable at trial.  Coble v. Consolidated Rail Corp., No. 92-2386, 1992 WL 210325, at *2 (E.D. Pa. Aug.26, 1992).  Here, Norfolk doesn't identify any  potential witnesses who may be unavailable for trial if it were held in this district.

---

[3] Norfolk states in its Motion that it "does operate on a limited basis in the City of Philadelphia."  (Defs.' Mot. Dismiss at 3.)

Norfolk only asserts that Osborne was treated at a hospital in Maryland and seen by health care providers in Maryland. While Maryland is certainly closer to the District of Delaware, which sits in Wilmington, we take judicial notice that Wilmington is less than thirty-five miles from Philadelphia. Thus, this factor does not support a transfer.

Lastly, the location of books and records is also not a significant factor in this case. As noted, the District of Delaware and the Eastern District of Pennsylvania lie in close proximity to each other. Accordingly, when examined in conjunction with one another, the private factors do not favor a transfer.

  **B.**  **Public Factors**

With regard to the public factors, we find only the second factor to have any applicability to this action- "practical considerations that could make the trial easy, expeditious or inexpensive." Id. As already noted, Norfolk only asserts that Osborne was treated at a Maryland hospital and by Maryland health care providers. It, however, has not offered any significant reasons why a trial in the District of Delaware would be more "expeditious or inexpensive" than a trial here. Thus, we do not find that any public factors favor a transfer.

This Court is not tasked with selecting the ideal or "best" forum in which the litigation could proceed. Instead, it is required to give Osborne's selection of forum substantial weight, which can only be overcome by a "clear showing" by Norfolk that the alternative forum is more convenient. Richards, 1994 WL 586009 at *2. Norfolk has failed to overcome this presumption in favor of Osborne's choice of forum, and accordingly, Norfolk's Motion is denied.

An appropriate Order follows.